KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100
Fax:  (212) 715-8000
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
Natan Hamerman, Esq.

*Attorneys for Sutton 58 Associates LLC*

UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
..................................................... x
                                                       :
In re                                                  :   Chapter 11
                                                       :
BH Sutton Mezz LLC,                                    :   Case No. 16-10455 (SHL)
                                                       :   Judge Sean H. Lane
                    Debtor.                            :
                                                       :
..................................................... x
```

**RESPONSE OF SUTTON 58 ASSOCIATES LLC TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER EXTENDING DEBTOR'S TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFIARS**

TO THE HONORABLE SEAN H. LANE:

Sutton 58 Associates LLC ("Lender"), submits this response (the "Response") to the application of BH Sutton Mezz LLC, the debtor in this chapter 11 case ("Debtor" or "Sutton Mezz"), for entry of an order extending Debtor's time to file its schedules of assets and liabilities and statement of financial affairs (the "Extension Motion").  In support of the Response, Lender respectfully represent as follows:

**Background**

1.    The Debtor is a special purpose, bankruptcy remote, holding company with no operations, no cash flow, and no employees.  Its sole asset is a 100% equity interest (the

"Membership Interest") in Sutton 58 Owner LLC ("Sutton Owner"), a non-debtor entity which owns and is attempting to develop real estate located at 428-432 East 58th Street in New York City (the "Property"). Carlinsky Aff. ¶ 12.

2.     Lender loaned the Debtor $20 million secured by the Membership Interest (the "Mezz Loan"), and separately loaned $127.25 million to Sutton Owner, secured by mortgages on the Property (the "Property Loans"). Both of these loans matured on January 19, 2016. In the seven weeks since, no payment has been made on either loan.

3.     Under the terms of the Debtor's organizing documents and the Mezz Loan, the Debtor is barred from incurring any indebtedness other than the Mezz Loan, except for $50,000 in ordinary course unsecured debt which is repaid within 30 days. As a result, any debt incurred above that amount would be *ultra vires*, and unenforceable against the estate.

4.     When the Mezz Loan was not repaid at maturity, Sutton Lender noticed a foreclosure sale of the Membership Interest under New York's Uniform Commercial Code (the "UCC"). Before the date set for the sale, Sutton Mezz and Sutton Owner filed suit in New York State Supreme Court to enjoin the foreclosure. Extension Motion ¶10. On February 23, 2016, the New York State Court denied their request for a preliminary injunction.

5.     This case was filed on February 26, 2016. The first day affidavit acknowledges that the Debtor filed it to stay the foreclosure sale, which was scheduled for the next business day, February 29, 2016. Carlinsky Aff. ¶16.

6.     Lender has filed a Motion to Dismiss this case or, in the Alternative, to Lift the Automatic Stay.

**Response**

7.  This case is not complex. The Debtor has a single asset, no operations, no cash flow, and no employees. It has one secured creditor, and its operating agreement and secured loan agreement severely restrict the amount of any other claims against the entity. As such, the preparation of schedules and statements of financial affairs should be straightforward and does not require a one month extension of time.

8.  The Debtor cannot cloud the issue by claiming to be "dealing with a myriad of issues." In fact, its application repeatedly conflates its rights and responsibilities with those of the non-debtor property owner, Sutton Owner. The Debtor is a holding company. It is not responsible for the demolition of the Property or pouring a new foundation. Similarly, any trade vendors presumably provide services at the Property. All of these are obligations of Sutton Owner.

9.  Furthermore, as is explained in Lender's Motion to Dismiss, this case is really a two-party dispute, not a bankruptcy. By improperly filing this case to avoid the Lender's foreclosure on an undisputed, matured, multimillion dollar loan, Sutton Mezz is improperly using the automatic stay for tactical reasons, and not for any proper purpose under the Bankruptcy Code. Granting the Debtor excessive time to file its schedules will only further delay the disclosure of simple yet critical facts that underscore how this case does not belong in the Bankruptcy Court.

10. The Debtor's request for an additional 27 days to complete what should be a simple and straightforward task is excessive. Lender therefore respectfully requests, to the extent the Court is inclined to grant any additional time, it limit the extension to one week. That provides the Debtor with ample time, while still assuring that it will timely provide creditors with accurate information that will be highly relevant in the first weeks of the case.

3

Dated: March 10, 2016

            KRAMER LEVIN NAFTALIS & FRANKEL LLP

   /s/    Adam C. Rogoff
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
Natan Hamerman, Esq.
1177 Avenue of the Americas
New York, New York 10036
Phone: (212) 715-9100

*Attorney for Sutton 58 Associates LLC*