WESTERMAN BALL EDERER  Hearing Date: April 7, 2016
MILLER ZUCKER & SHARFSTEIN, LLP  Time:            11:00 a.m.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Thomas A. Draghi, Esq.
Eric G. Waxman III, Esq.

*Proposed Counsel for the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                              Chapter 11

BH SUTTON MEZZ LLC,                                            Case No.: 16-10455 (SHL)

                                  Debtor.
-------------------------------------------------------------------X

**(A) OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SUTTON 58 ASSOCIATES LLC'S MOTION FOR AN ORDER DISMISSING CHAPTER 11 CASE OR, IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY AND (B) JOINDER TO DEBTOR'S OPPOSITION**

The Official Committee of Unsecured Creditors (the "Committee"), duly appointed in the captioned Chapter 11 case of BH Sutton Mezz LLC, the debtor and debtor-in-possession herein ("Debtor"), by its undersigned proposed counsel, submits this Objection (a) in opposition to the Motion dated March 10, 2016 [ECF Docket No. 14] and related Declaration of N. Richard Kalikow [ECF Docket No. 15] ("Motion") by Sutton 58 Associates LLC ("Lender") for an order, pursuant to section 1112(b) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") for dismissal of the Debtor's case or, alternatively, modifying the automatic stay pursuant to Bankruptcy Code section 362(d)(1); and (b) as the Committee's joinder with BH Sutton Mezz LLC's objection to the Motion ("Debtor's Opposition"), and respectfully states as follows:

**Preliminary Statement**

1.      The Motion should be denied in all respects. Lender's motion is premature and inaccurate and seeks to preclude the orderly development of this reorganization. This bankruptcy case concerns the development of the Real Properties (defined below) as a major residential project in Midtown Manhattan ("Project"). The case is in its infancy. The Committee was just appointed on March 23, 2016 by the Office of the United States Trustee [ECF Docket No. 28]. Manifestly, the Committee has been afforded no reasonable time to assess this case, let alone a full and fair opportunity to evaluate the Motion, including a review of the Lender's loan documents, the Debtor's operating agreement, or the other documents (comprising hundreds of pages), submitted by Lender in support of its Motion.

2.      The Committee respectfully submits that Lender's Motion should be denied as premature at best. Pertinent information remains unavailable because the Debtor's time within which to file its schedules and statement of financial affairs has been extended by Order [ECF Docket No. 26] to April 7, 2016, the return date of the Motion. No first meeting of creditors has been conducted, and no initial conference has occurred.

3.      More important, based on current information, denying the Motion will not prejudice any party because the Project's current value substantially exceeds the amount of claims of creditors, including the alleged obligations owed to Lender.

4.      According to Debtor's Opposition, an appraisal of the Project made a month ago values of the Project at $181 million in its current undeveloped condition.

5.      Further, Debtor estimates its liabilities in the range of $10 - $50 Million, and the Debtor estimates its assets at a value of between $100 Million and $500 Million. *See* Debtor's Petition at p. 3 [ECF Docket No. 1]. Lender appears to be substantially over-secured.

6. With such substantial equity, the Debtor should be given the opportunity to promulgate a plan of reorganization, rather than allowing Lender to seize the assets for its sole benefit, and to the detriment of all of the other creditors. In light of the significant value of the Debtor's assets as against its debts, there appears to be a substantial likelihood that the Debtor can rehabilitate as is the Debtor's stated intent. Correspondingly, Lender cannot show that the Debtor lacks the ability to effectuate a Chapter 11 plan.

7. Lender has not met its burden of establishing "cause" for dismissal pursuant to Bankruptcy Code 1112(b). While Lender argues that this is merely a two-party dispute, the number of creditors with claims against the Debtor identified by Debtor in its Petition belies the Lender's argument and prompted the Office of the United States Trustee to appoint this Committee. Nor is the Motion an appropriate vehicle to challenge claims of creditors. Moreover, the facts and circumstance do not evidence a lack of good faith by this Debtor.

8. In the alternative, Lender seeks relief from the stay but has not demonstrated cause for stay relief. Lender repeats its unsubstantiated bad faith allegations and baldly concludes that Debtor cannot offer adequate protections of its purported interests. Lender ignores applicable law and fails to establish any right to adequate protection. Stay relief should be denied and, instead, Debtor should be afforded the opportunity to resolve its issues and confirm a plan.

9. The Committee respectfully requests that the Motion be denied in all respects.

**BACKGROUND**

10. On February 26, 2016 (the "Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's case and the Debtor continues to operate and manage its property as debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

11. The Debtor is the owner and holder of 100 percent membership interest in Sutton 58 Owner LLC ("Owner"). Owner owns real properties located at 428 East 58th Street, New York, New York 10022; 430 East 58th Street, New York, New York 10022; and 432 East 58th Street, New York, New York 10022 (collectively, "Real Properties"). *See* Debtor's Corporate Ownership Statement [ECF Docket No. 2].

12. According to the Debtor's Petition, the Debtor estimates its liabilities in the range of $10 - $50 Million and the Debtor estimates its assets at a value of between $100 Million - $500 Million. *See* Debtor's Petition, at p. 3 [ECF Docket No. 1]. More specifically, in its Corporate Ownership Statement, the Debtor estimates that its total assets aggregate $256 Million and that its total debts aggregate $23 Million as of the Filing Date. [ECF Docket No. 2.]

13. According to the Debtor's Rule 1007 Affidavit, the Debtor believes that it can restructure its business arrangements and debts and propose a meaningful and acceptable plan of reorganization. *See* Rule 1007 Affidavit, at ¶19 [ECF Docket No. 3].

14. On March 23, 2016, the United States Trustee for this District appointed the Committee in the Debtor's case pursuant to section 1102 of the Bankruptcy Code. *See* Notice of Appointment [ECF Docket No. 28]. The Committee voted to employ and retain counsel effective as of March 23, 2016.

15. On March 18, 2016, this Court entered an Order extending the Debtor's time within which to file its Schedules and Statement of Financial Affairs to April 7, 2016. [ECF Docket No. 26]. No meeting of creditors pursuant to Bankruptcy Code section 341 has been held, nor has there been an Initial Conference in this case.

## ARGUMENT

## POINT I

## LENDER'S MOTION TO DISMISS SHOULD BE DENIED.

16. Bankruptcy Code section 1112(b)(1) provides, in pertinent part, that "after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the *best interests of creditors* and the estate, *for cause* . . . " (emphasis added).

17. Lender has the burden of producing evidence that there is "cause" for relief under Section 1112(b)(1). *In re RCM Global Long Term Capital Appreciation Fund, Ltd.,* 200 B.R. 514, 519 (Bankr. S.D.N.Y. 1996) (denying motion to dismiss or alternatively for relief from stay).

18. In considering a motion to dismiss, the Court must begin by recognizing that the stated purpose of Chapter 11 is to further the rehabilitation of businesses in economic distress. "A Court should not precipitously sound the death knell for a debtor by prematurely determining that the debtor's prospects for economic revival are poor." *In re Sheehan*, 58 B.R. 296, 299 (Bankr. D. S. D. 1986) (denying motion to dismiss or relief from stay), *quoting cases*. As such, several courts recognize that a bankruptcy judge has wide discretion to determine if cause exists and how ultimately to dispose of a case. *In re RCM Global,* 200 B.R. 514, 519; *In re Dark*

5

*Horse Tavern*, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995) (denying motion to dismiss, noting that dismissal is a "drastic measure").

19. Lender has failed to sustain its burden or to demonstrate cause for dismissal. At this early stage, the case should go forward in the best interests of the creditors and the estate.

20. Although the term "cause" is not specifically defined, section 1112(b)(4) sets forth a non-exhaustive list of sixteen (16) factors that can constitute cause for dismissal or conversion of a bankruptcy case. *See* 11 U.S.C. §1112(b)(4) (examples include failure to maintain appropriate insurance, failure to pay any fees or charges required, and failure to comply with an order of the Court).

21. Here, Lender ignores the enumerated factors and discusses cases distinguishable on their facts. In the end, Lender distills its argument to allegations of a bad faith filing (involving a two-party dispute) and no likelihood of reorganization:

> "These cases often boil down to an assessment of whether a bankruptcy petition was filed primarily as a litigation tactic or whether the debtor in fact has a reasonable probability of being able to reorganize a viable business under protection of Chapter 11."

Motion, at ¶ 36.

22. Lender's position that this is only a two-party dispute is belied by the Debtor's own Petition, which identifies several other creditors besides Lender, along with the very existence of a sufficient number of interested creditors to result in appointment of the Committee by the Office of the United States Trustee.

23. Lender's speculations about the status of creditors are just that, conjectures that cannot and should not be addressed at this recent stage of the cases.

24.    As noted above, the Debtor's schedules and statements have not yet been filed, and no party has had a full and fair opportunity to review any of the pertinent documents in support of Lender's position. Neither the Court nor the Committee has yet had an opportunity to fully examine any of the factual underpinnings of the Debtor's case. Indeed, the Committee has not even had a chance to review the loan documents identified by Lender in its Motion to review the validity, priority and amount of Lender's claims against the Debtor.

25.    In this Circuit, a petition is only dismissed on grounds of a lack of good faith if both objective futility of the reorganization process and subjective bad faith in filing the petition are found. *In re RCM,* 200 B.R. 514, 520, *citing cases.* "[A] court should reach the conclusion that there is no demonstrable ability to reorganize only upon the strongest evidentiary showing." *Id.,* 200 B.R. at 520, *citing* 5 L. King, *Collier on Bankruptcy* ¶1112.03 at 1112-36.[1]

26.    Here, the evidence establishes the existence of value substantially greater than Debtor's liabilities. According to the Debtor's Opposition, the month-old appraisal established a current Project value of at least $181 Million.

27.    Lender is substantially over-secured, demonstrating little or no prejudice to Lender in permitting the Debtor to continue its reorganization efforts. Coupled with the Debtor's stated desire to promulgate a plan and reorganize as set forth in the Debtor's Rule 1007 Affidavit, there is no cause to dismiss the case and, instead, a substantial basis to afford the Debtor a full and fair opportunity to rehabilitate and reorganize, for the benefit of all creditors and the estate.

---

[1] Contrary to certain of the cases cited and relied on by Lender, courts have held that the existence of only one asset of a debtor and a debtor's lack of employees is not dispositive on the issue of whether there is cause established for dismissal pursuant to Section 1112(b). *See In re RCM Global*, 200 B.R. 514, 520 (denying motion to dismiss or relief from stay where Debtor was a mutual fund and admittedly had no employees, operations or cash flow). *Compare JER/Jameson Mezz Borrowers II, LLC*, 461 B.R. 293, 296 (Bankr. D.Del. 2011) (asset value substantially <u>less than</u> liabilities).

28.     For these reasons and for the reasons set forth in the Debtor's Opposition, which the Committee incorporates herein by reference, that portion of Lender's Motion seeking dismissal of the case should, respectfully, be denied.

## POINT II

## LENDER'S DEMAND FOR RELIEF FROM STAY SHOULD ALSO BE DENIED.

29.     In the alternative, Lender seeks relief from the automatic stay arising under Bankruptcy Code section 362, alleging "cause." The decision of whether to lift the stay is entirely within the discretion of the Court. *In re Containership Co.,* 466 B.R. 219, 225 (Bankr. S.D.N.Y. 2012) (denying motion to lift the automatic stay). Lender must establish cause, but here, fails to sustain its burden.

30.     Once again, "cause" is not defined in the Bankruptcy Code. To establish cause, Lender repeats its allegations of bad faith filing and then baldly asserts that Debtor cannot provide it adequate protection. As discussed earlier, allegations of bad faith are unsubstantiated -- this case is no mere two party dispute; substantial value exists; and Lender has not established that Debtor cannot reorganize.

31.     Further, Lender has neither established that it would be entitled to adequate protection nor demonstrated that Debtor cannot provide it. In addition, Lender ignores the law of this Circuit which requires the Court to review a non-exhaustive list of factors when evaluating a lift stay motion.[2] Stay relief should be denied.

---

[2] The Second Circuit in *In re Sonnax Indus.,* 907 F.2d 1280, 1286 (2d Cir. 1990), set forth the following non-exhaustive list of factors to consider for cause: (1) Whether relief would result in a partial or complete resolution of the issues; (2) Lack of any connection with or interference with the bankruptcy case; (3) Whether the other proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) Whether the debtor's insurer has assumed full responsibility for defending it; (6) Whether the action primarily involves third parties; (7) Whether litigation in another forum would prejudice the interests of other creditors; (8) Whether the judgment claim arising from the other action is subject to equitable subordination; (9) Whether movant's success in the other proceeding would result in a judicial lien

32. Here, the relevant *Sonnax* factors weigh in favor of denying Lender's request for relief from the automatic stay. For example, if Lender is granted relief from stay to seize control of the Debtor's sole asset, this will clearly result in utter interference with this bankruptcy case – as such, the second *Sonnax* factor weighs in favor of denying relief from stay. Relief from stay will also cause substantial prejudice to all other creditors, including the Committee constituency, who will be immediately disenfranchised once Lender takes control of the Debtor's membership interests in Owner. As such, *Sonnax* factors seven and twelve weigh in favor of denying relief from stay. This Court is fully competent to oversee this case, the Debtor's assets, and the disputes among the parties, including the Debtor. The case does not primarily involve third parties and no specialized tribunal is necessary (Factors 4, 6). In sum, Lender has not established grounds for stay relief and relevant factors favor denial of relief.

## CONCLUSION

33. Lender is looking to quash this bankruptcy case in its infancy, before Debtor has had any opportunity to present all of the facts and circumstances and despite having real prospects of rehabilitating and reorganizing in light of the substantial value of the Debtor's assets as against the debts presently asserted against the Debtor. Lender has not sustained its burden and has not provided sufficient evidence of cause to either dismiss this case or to obtain relief from stay, particularly as Debtor's assets are significantly greater than the Lender's claimed debt. For all of the foregoing reasons, and for the reasons set forth in the Debtor's Opposition which is

---

avoidable by the debtor; (10) The interests of judicial economy and the expeditious and economical resolution of litigation; (11) Whether the parties are ready for trial in the other proceeding; and (12) The impact of the stay on the parties and the balance of harms.

The Court need only consider relevant factors in making its determination. *In re Containership*, 466 B.R. at 225.

incorporated herein by reference, the Committee respectfully requests that the Motion be denied in all respects.

Dated: Uniondale, New York
       March 31, 2016

                      WESTERMAN BALL EDERER
                      MILLER ZUCKER & SHARFSTEIN, LLP


                      By: */s/ Thomas A. Draghi*
                            Thomas A. Draghi, Esq.
                      1201 RXR Plaza
                      Uniondale, New York 11556
                      Telephone No. (516) 622-9200

                      *Proposed Counsel for the*
                      *Official Committee of Unsecured Creditors*

01338317.3DOCX