UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

BH SUTTON MEZZ LLC,  Chapter 11
a Delaware Limited Liability Company,  Case No.: 16-10455 (SHL)
SUTTON 58 OWNER LLC,  (Jointly Administered)
a Delaware Limited Liability Company, and
SUTTON 58 OWNER LLC,
a New York Limited Liability Company,

        Debtors.
-----------------------------------------------------------------X

### OBJECTION OF F+P ARCHITECTS NEW YORK, INC.
### TO DEBTORS' CHAPTER 11 FIRST AMENDED DISCLOSURE STATEMENT

F+P Architects New York, Inc. ("F+P"), in its capacity as a creditor and a party in interest in this chapter 11 case, pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), by and through its counsel, Holland & Knight LLP, hereby submits its objection (the "Objection") to the Chapter 11 Debtors' First Amended Joint Disclosure Statement (the "Disclosure Statement") filed by the above-referenced debtors in the case (the "Sutton Debtors") on August 11, 2016 [Dkt. No. 183], and, in support thereof, respectfully states the following:

### PRELIMINARY STATEMENT

1.    This Court must deny approval of the Disclosure Statement because it is confusing and misleading and fails to satisfy the requirements of section 1125 of the Bankruptcy Code with respect to a material issue relating to the Debtors' First Amended Joint Plan of Reorganization (the "Plan"), filed on August 11, 2016 [Dkt. No. 185]. The Disclosure Statement contains a confusing reference to F+P (which is also known as "Foster + Partners") on page 7

thereof, which needs to be clarified in order for the Disclosure Statement to contain "adequate information," as such term is defined in Section 1125(a)(1) of the Bankruptcy Code.

## JURISDICTION

2.  This Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  F+P was a party to a certain Memorandum of Agreement with debtor Sutton 58 Owner LLC ("Debtor"), executed by both F+P and Debtor, under which F+P agreed to provide certain design services to Debtor in return for the payment of certain fees by Debtor. F+P provided such services to Debtor under that Memorandum of Agreement (the "Agreement"), but was not fully paid for such services, as more fully described below.

4.  During January, February and March 2016, Debtor failed to pay F+P under the Agreement, leaving F+P with a balance of $1,061,126.00, which was subsequently adjusted to and confirmed to be $1,037,128.00 (the "Overdue Balance").

5.  On February 26, 2016, F+P perfected its lien in Debtor's property by timely filing a Notice Under Mechanic's Lien Law with the Clerk of the County of New York against Debtor's interest in the real property of Debtor located at 428-432 East 58th Street, New York, New York, in the amount of the Overdue Balance.

6.  On March 10, 2016, F+P delivered to Debtor a Notice of Termination under Section 12(a) of the Agreement (the "Notice"), pursuant to which F+P terminated the Agreement effective March 17, 2016, seven (7) after the delivery of the Notice.

7.  On April 6, 2016, Debtor filed a voluntary petition for reorganization under Chapter 11 with this Court, which case was jointly administered in the cases referenced above.

8. On July 21, 2016, F+P filed a Proof of Claim against Debtor, asserting a secured claim in the amount of the Overdue Balance.

9. On August 11, 2016, Debtor filed the Plan and the Disclosure Statement.

10. Section III.A.i of the Disclosure Statement, which appears on page 7 thereof, describes the "Project" that was being engaged in by Debtor, noting that John Beninati, Debtor's principal, *inter alia*, "put together an all-star team of professionals in their respective fields, including the world-renowned and Pritzker Price [sic] winning architecture firm of Foster + Partners,..."

11. There are no further references to F+P or to any architects in the Disclosure Statement, and there are no such references in the Plan.

12. The reference to F+P on page 7 of the Disclosure Statement appears to confuse or mislead creditors and other interested parties about the status of F+P with respect to the Project or of the status of the Agreement as an ongoing executory contract with Debtor.

13. As noted in paragraph 6 above, F+P terminated the Agreement in March 2016, prior to Debtor's bankruptcy filing, with result that the Agreement is no longer executory and in effect.

14. In addition, Debtor has only limited right to use any of the renderings, designs or other work product provided to it by F+P under the Agreement, and license to such renderings, designs or other work product only extends to the deliverables paid for by Debtor.

15. F+P may object to the manner in which the paid deliverables are used and reserves its right to have its name removed from any subsequent project or publicity of same if F+P's designs are used in a manner not anticipated by F+P.

16. Furthermore, even if the Agreement had not been terminated pre-petition, the Agreement, as a contract for "personal services," could not be assumed or assigned by Debtor in accordance with Section 365(c)(1) of the Bankruptcy Code.

17. F+P requests that Debtor revise the Disclosure Statement to indicate that the Agreement currently is not in effect, and that F+P has no obligations whatsoever with respect to Debtor or the Project.

18. As a result of the foregoing, F+P objects to the Disclosure Statement because the failure to clarify the position of F+P and the Agreement in this case causes it to fail to provide adequate information under section 1125(a) of the Bankruptcy Code regarding F+P or the Agreement.

## ARGUMENT

19. One of the most fundamental policies underlying the chapter 11 reorganization process is disclosure. "The disclosure statement was intended by Congress to be the primary source of information upon which creditors and shareholders could rely in making an informed judgment about a plan of reorganization." *In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170 (Bankr. S.D. Ohio 1988) (*citations omitted*). To ensure compliance with this goal, the Bankruptcy Code expressly requires that disclosure statement contain "adequate information" which is defined as:

> Information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and condition of the debtor's books and records, that would enable a hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

20. Disclosure statements are relied upon by creditors to evaluate the benefits of a plan and to decide whether to reject or accept the proposed impairment of their claims and interests. *See In re Microwave Prods. of America, Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988). The importance of full disclosure is underscored "by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot over-emphasize the

4

[plan proponent's] obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'" *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir.), *cert. denied*, 109 S.Ct. 495 (1988).

21.  What constitutes adequate information varies from case to case. *See Copy Crafters Quickprint, supra* at 979; *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995). As a general rule, however, "[t]he [plan] proponent should be biased towards more disclosure than less." *Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 720 (Bankr. E.D. Cal. 1992). "Disclosure statements which are misleading, or which contain unexplained inconsistencies, should not be approved." *In re Applegate Property, Ltd.*, 133 B.R. 827, 829 (Bankr. W.D. Tex. 1991). Measured against these generally accepted standards, the Disclosure Statement, including the Projections, falls far short of the standard of containing "adequate information" for approval under section 1125 of the Bankruptcy Code.

22.  The Disclosure Statement does not provide "adequate information," as required by Section 1125 (a) and (b) of the Bankruptcy Code, as it is incomplete and vague in its references to F+P and the Agreement, and neglects to adequately explain the status of F+P and Agreement.

## CONCLUSION

23.  Based on the foregoing, the Disclosure Statement is inaccurate, and must be amended to clarify that F+P is no longer obligated to perform any design services for the Sutton Debtors, and that the Agreement is no longer an executory contract, which cannot be assigned or assumed in connection with the Plan or any other plan proposed or filed by Debtor or any other party.

24.  As such, the Disclosure Statement fails to provide sufficient and accurate information to enable creditors to fully assess the Plan. Absent such an amendment, the Disclosure Statement must not be approved.

5

25. Accordingly, the Court should require the Sutton Debtors to revise the Disclosure Statement to correct the inadequacies and inaccuracies described above, to explain that F+P no longer has any obligations to Debtor and that the Agreement is no longer in effect, and capable of being assumed or assigned in these cases.

## **RESERVATION OF RIGHTS**

26. In addition to the aforementioned objections, F+P hereby reserves the right to (i) supplement this Objection in order to object to any further amended version of the Disclosure Statement that is subsequently filed and (ii) raise any and all objections to confirmation of the Plan in the event the Disclosure Statement is approved, as currently in effect or as may be amended by the Debtor, and (iii) raise any and all objections to the manner in which the paid deliverables are used and reserves its right to have its name removed from any subsequent project or publicity of same if F+P's designs are used in a manner not anticipated by F+P.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, F+P Architects New York, Inc. respectfully requests that the Court deny approval of the Disclosure Statement, require the Debtors to make the changes to correct the misleading and confusing statements made therein, as described above, and to grant such other and further relief as is just and proper.

Dated: New York, New York
       September 14, 2016

Respectfully submitted,

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Attn:  Arthur E. Rosenberg, Esq.
       Deborah C. Roth, Esq.

By:   */s/ Arthur E. Rosenberg*
     Arthur E. Rosenberg, Esq.
     Deborah C. Roth, Esq.

Attorneys for F+P Architects New York, Inc.