WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Thomas A. Draghi, Esq.
Eric G. Waxman III, Esq.

*Counsel for the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

BH SUTTON MEZZ LLC, a Delaware Limited
Liability Company,                                                    Chapter 11

SUTTON 58 OWNER, LLC, a Delaware Limited             Case No.: 16-10455 (SHL)
Liability Company, and                                                (Jointly Administered)

SUTTON 58 OWNER, LLC, a New York Limited
Liability Company,

                    Debtors.
-----------------------------------------------------------------X

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' MOTION FOR AN ORDER (I) PRECLUDING SUTTON
58 ASSOCIATES LLC FROM FILING A CHAPTER 11 PLAN OF LIQUIDATION; (II)
DENYING THE RIGHTS OF SUTTON 58 ASSOCIATES AND JONES LANG
LASALLE AMERICAS, INC. TO VOTE ON THE DEBTORS' JOINT PLAN OF
REORGANIZATION PURSUANT TO RULES 1121(b), 1125(b) AND 1126(e) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND (III) SUBORDINATING
THE CLAIMS OF SUTTON 58 ASSOCIATES LLC UNDER 11 U.S.C. §510(c) [ECF 214]**

The Official Committee of Unsecured Creditors (the "Committee"), by its undersigned

counsel, in opposition to the Debtors' Motion For An Order (I) Precluding Sutton 58 Associates

LLC ("Lender") From Filing A Chapter 11 Plan Of Liquidation; (II) Denying The Rights Of

Lender And Jones Lang Lasalle Americas, Inc. ("JLL") To Vote On The Debtors' Joint Plan Of

Reorganization Pursuant To Rules 1121(b), 1125(b) And 1126(e) Of The Federal Rules Of

Bankruptcy Procedure; And (III) Subordinating The Claims Of [Lender] Under 11 U.S.C. §510(c) (ECF Docket No. 214, the "Preclusion Motion"), respectfully states as follows:

**The Preclusion Motion Should be Denied**

1. As set forth in the Committee's Reply [ECF No. 229, the "Committee Reply"] in Support of Lenders' Motion to Terminate or Modify Exclusivity [ECF No. 192], which Committee Reply is incorporated herein by reference, there has been no violation of the Debtors' exclusive periods or improper solicitation. As such, the relief requested in the Debtors' Preclusion Motion should be denied.[1]

2. The Committee again rejects any suggestion that its negotiations with Lender, culminating in preparation of the Term Sheet (defined in the Committee Reply), constituted, or constitutes, improper solicitation of votes or a violation of the Debtors' exclusivity in these cases. As previously noted, the Term Sheet expressly states that it is for discussion and settlement purposes only; it does not constitute a solicitation of acceptances or rejections as to any Chapter 11 plan; and it is subject to definitive documentation.

3. The cases cited by the Debtors relating to improper solicitation are inapposite. None concern the circumstances presented in this case -- negotiations on the terms of a plan that would be acceptable to a Committee. All concern active promulgation of alternative plans and disclosure statements when the debtor's plan was under consideration, and without prior court approval.[2]

---

[1] At a hearing held in these cases on September 14, 2016, the parties represented to the Court that they had resolved certain disputed matters, including this Preclusion Motion, as it pertains to JLL, subject to submission of a consent order and approval by this Court.

[2] *Compare*, *In re Clamp-All Corporation*, 223 B.R. 198 (Bankr. D. Mass. 1999) (violation found where a counter-proposed disclosure statement and plan was filed as an exhibit and served on all creditors); *In re Rook Broadcasting of Idaho*, 154 B.R. 970 (Bankr. D. Ohio 1993) (violation found where a competing plan was mailed to all or substantially all of the debtor's creditors); *Colorado Mountain Express, Inc. v. Aspen Limousine Serv. Inc. (In re Aspen Limousine Serv. Inc.)*, 198 B.R. 334 (Bankr. D. Colorado 1995) (violation where an alternative plan was

4. Here, the Term Sheet sets forth the material terms of a prospective plan to be negotiated and submitted. The Term Sheet is the basis for a plan; it is not a plan. No votes of creditors are sought. No solicitation has occurred.

5. The statutory bar to solicitation set forth in Bankruptcy Code section 1125 must be read narrowly, so as not to seriously inhibit free creditor negotiations.[3] In *Century Glove,* the Third Circuit rejected any definition of solicitation which might cause creditors to limit their negotiations, specifically ruling that "a party does not solicit acceptances when it presents a draft plan for consideration of another creditor, but does not request that creditor's vote."[4]

**The Committee has acted in accordance with its Fiduciary Duties**

6. Although the Committee has not been accused of any wrongdoing in the Preclusion Motion, it is important to the Committee that the Court know that the Committee has dutifully complied with and fulfilled its fiduciary duties, including with respect to its negotiations for, and agreement to, the Term Sheet. The Committee's negotiations of the Term Sheet with Lender did not hinder or impede the Committee's ability to try and negotiate a consensual plan with the Debtors.

7. While the Committee is not in a position to comment on the conduct of Lender or any other creditor individually, as previously stated in the Committee Reply, the Committee repudiates any insinuation that the Committee and its members have acted in any manner contrary to the Committee's mandate. The Committee operates under well-established by-laws

---

sent to certain creditors of the Debtor, over the objection of the Committee).

[3] *Century Glove v. First American Bank of New York*, 860 F.2d 94, 101 (3rd Cir. 1988) (holding that a party does not solicit acceptances when it presents a draft plan for the consideration of another creditor, but does not request that creditor's vote).

[4] *Century Glove*, 860 F.2d at 102.

that, among other things, address potential conflicts of interest, including the one alleged by Debtors. Without disclosing the confidential deliberations of the Committee, the Committee firmly states that it has fully adhered to its own by-laws, including in its negotiation and consideration of, and agreement to, the Term Sheet.

**Conclusion**

8.   For all of the foregoing reasons, the Committee respectfully requests that this Court deny Debtors' Preclusion Motion and grant such other and further relief as this Court deems necessary and proper.

Dated: Uniondale, New York
       September 15, 2016

                                    WESTERMAN BALL EDERER
                                    MILLER ZUCKER & SHARFSTEIN, LLP

                                    By:   */s/ Thomas A. Draghi*
                                          Thomas A. Draghi, Esq.
                                    1201 RXR Plaza
                                    Uniondale, New York 11556
                                    Telephone No. (516) 622-9200

                                    *Counsel for the Official Committee of Unsecured Creditors*

01437889.DOCX