| | |
|---|---|
| WESTERMAN BALL EDERER<br>MILLER ZUCKER & SHARFSTEIN, LLP<br>1201 RXR Plaza<br>Uniondale, New York 11556<br>Telephone: (516) 622-9200<br>Thomas A. Draghi, Esq.<br>Richard F. Harrison, Esq.<br>*Counsel to the Wind-Down Officer for*<br>*Post-Confirmation Debtors* | Hearing Date: August 24, 2017<br>Time:  10:00 a.m.<br>Objections By:  August 17, 2017 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

BH SUTTON MEZZ LLC, a Delaware Limited
Liability Company, and                                                              Chapter 11

SUTTON 58 OWNER, LLC, a Delaware Limited                          Case No.:  16-10455 (SHL)
Liability Company,                                                                       (Jointly Administered)

          Post-Confirmation Debtors.
---------------------------------------------------------------X

**NOTICE OF HEARING ON WIND-DOWN OFFICER'S MOTION
FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE WIND-DOWN OFFICER
TO PROCEED WITH AN AUCTION SALE OF THE POST-CONFIRMATION
DEBTORS' INTERESTS IN COOPERATIVE APARTMENTS IDENTIFIED AS 1R, 2D
AND 2N LOCATED AT 504 MERRICK ROAD, LYNBROOK, NEW YORK 11563 TO
THE TO THE SUCCESSFUL BIDDER(S) AT THE AUCTION SALE FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, OTHER THAN THE
RESIDENTIAL LEASES ENCUMBERING THE APARTMENTS; (II) APPROVING
THE FORM OF THE SALE NOTICE FOR THE AUCTION SALE OF THE
APARTMENTS; (III) APPROVING THE SALE OF THE APARTMENTS FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, OTHER THAN THE LEASES;
<u>AND (IV) GRANTING RELATED RELIEF</u>**

      **PLEASE TAKE NOTICE** that, on **August 24, 2017 at 10:00 a.m.**, a hearing will be held before Honorable Sean H. Lane, United States Bankruptcy Judge, in his Chambers at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408 to consider the annexed motion

1

of Esther DuVal as Wind-Down Officer[1] for the Post-Confirmation Debtors (the "WDO"), for entry of an Order: (I) authorizing the Wind-Down Officer to proceed with an Auction Sale of the Post-Confirmation Debtors' interests in cooperative apartments identified as 1R, 2D and 2N located at 504 Merrick Road, Lynbrook, New York 11563 (the "Apartments") to the successful bidder(s) at the Auction Sale free and clear of liens, claims and encumbrances, other than the residential leases encumbering the Apartments (the "Leases"); (II) approving the form of sale notice for the Auction Sale of the Apartments; (III) approving the sale of the Apartments free and clear of liens, claims and encumbrances, other than the Leases; and (IV) granting related relief (the "Motion").

**PLEASE TAKE FURTHER NOTICE,** that objections to the Motion, if any, must be in writing, conform with Chapter 11 of Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, be served upon the undersigned counsel for the WDO, with a courtesy copy to chambers and be filed with the Bankruptcy Court no later than **August 17, 2017 by 5:00 p.m.,** as follows: (I) through the Bankruptcy Court's electronic filing system (in accordance with Orders No. 473), which may be accessed through the internet at the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF form on a diskette in an envelope with the case name, case number,

---

[1] The Wind-Down Officer appears pursuant to the Joint Chapter 11 Plan of Liquidation as Ordered on January 18, 2017 (16-10455-SHL, Dkt # 364) (all capitalized terms not defined have the meanings ascribed by the Plan).

2

type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

Dated: Uniondale, New York
August 2, 2017

                        WESTERMAN BALL EDERER
                        MILLER ZUCKER & SHARFSTEIN, LLP

                    By: */s/ Thomas A. Draghi*
                        Thomas A. Draghi, Esq.
                        Richard F. Harrison, Esq.
                        1201 RXR Plaza
                        Uniondale, New York 11556
                        Telephone No. (516) 622-9200
                        Facsimile No. (516) 622-9212
                        tdraghi@westermanllp.com
                        *Counsel to the Wind-Down Officer for*
                        *the Post-Confirmation Debtors*

3

| | |
|---|---|
| WESTERMAN BALL EDERER | Hearing Date: August 24, 2017 |
| MILLER ZUCKER & SHARFSTEIN, LLP | Time: 10:00 a.m. |
| 1201 RXR Plaza | Objections By: August 17, 2017 |
| Uniondale, New York 11556 | |
| Telephone: (516) 622-9200 | |
| Thomas A. Draghi, Esq. | |
| Richard F. Harrison, Esq. | |
| *Counsel to the Wind-Down Officer for* | |
| *Post-Confirmation Debtors* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

BH SUTTON MEZZ LLC, a Delaware Limited
Liability Company, and                                                    Chapter 11

SUTTON 58 OWNER, LLC, a Delaware Limited                    Case No.: 16-10455 (SHL)
Liability Company,                                                            (Jointly Administered)

                Post-Confirmation Debtors.
---------------------------------------------------------------X

**WIND-DOWN OFFICER'S MOTION FOR ENTRY OF AN ORDER:
(I) AUTHORIZING THE WIND-DOWN OFFICER TO PROCEED WITH AN AUCTION
SALE OF THE POST-CONFIRMATION DEBTORS' INTERESTS IN COOPERATIVE
APARTMENTS IDENTIFIED AS 1R, 2D AND 2N LOCATED AT 504 MERRICK
ROAD, LYNBROOK, NEW YORK 11563, TO THE SUCCESSFUL BIDDER(S) AT THE
AUCTION SALE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
OTHER THAN THE RESIDENTIAL LEASES ENCUMBERING THE APARTMENTS;
(II) APPROVING THE FORM OF SALE NOTICE FOR THE AUCTION SALE OF THE
APARTMENTS; (III) APPROVING THE SALE OF THE APARTMENTS FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, OTHER THAN THE LEASES;
<u>AND (IV) GRANTING RELATED RELIEF</u>**

      Esther DuVal, as the Wind-Down Officer for the Post-Confirmation Debtors ("<u>WDO</u>"),

by her undersigned counsel, hereby seeks entry of an order (I) authorizing the WDO to proceed

with a public auction sale (the "<u>Auction Sale</u>") of the Post-Confirmation Debtors' interests in

cooperative apartments identified as 1R, 2D and 2N located at 504 Merrick Road, Lynbrook,

New York 11563 (the "<u>Apartments</u>") to the successful bidder(s) at the Auction Sale free and

clear of liens, claims and encumbrances (collectively, the "Liens"), other than the residential leases encumbering the Apartments (the "Leases"); (II) approving notice of the Auction Sale of the Apartments substantially in the form attached hereto as "Exhibit A" (the "Sale Notice"); (III) approving the sale of the Apartments free and clear of Liens, other than the Leases; and (IV) granting related relief (the "Motion"), and respectfully represents as follows:

## INTRODUCTION

1.      By this Motion, the WDO seeks to provide notice of her intention to proceed with the proposed Auction Sale and approval of the Sale Notice to facilitate a sale of the Apartments, and will seek entry of an order authorizing such sale free and clear of liens and encumbrances other than the Leases. Post-confirmation Debtor Sutton Owner DE (defined below) is the owner of fully paid and non-assessable co-op shares of 504 Merrick Road Owners Corp. (the "Co-op Board") with respect to each of the Apartments. Each of the Apartments is encumbered by a rent stabilized apartment lease in accordance with the terms of New York's Rent Stabilization Law and Code. The WDO has retained Richard B. Maltz, CAI, CES of Maltz Auctions ("Maltz") to market the Apartments and to conduct the Auction Sale on September 20, 2017 or such other date as may be agreed to by the WDO. On information and belief, there are no liens or encumbrances on the Apartments other than the Leases.

2.      As set forth below, although it appears that the WDO is authorized to dispose of the Apartments without application to, or order of, the Court as a proper exercise of her business judgment in accordance with the terms of the Plan, the Order Confirming the Plan and the Wind-Down Officer Agreement, in an abundance of caution and in the interests of full disclosure to creditors and parties in interest, the WDO is filing this Motion.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein are Sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 6004-1.

**CASE BACKGROUND**

6. On February 26, 2016, debtor BH Sutton Mezz LLC, a Delaware limited liability company ("Sutton Mezz"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Case No. 16-10455.

7. On April 6, 2016 (the "Sutton Owner DE Petition Date"), debtor Sutton 58 Owner, LLC, also a Delaware limited liability company ("Sutton Owner DE"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Case No. 16-10834.

8. On April 8, 2016, this Court entered an Order approving the joint administration of the Sutton Mezz and Sutton Owner DE Chapter 11 cases. *See* Dkt. No. 56.[2]

9. On July 12, 2016, Sutton 58 Owner LLC, a New York limited liability company ("Sutton Owner NY") (together, Sutton Mezz, Sutton Owner DE, and Sutton Owner NY, are the "Debtors"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Case No. 16-11986.

---

[2] Unless otherwise indicated, all docket references herein are to entries on the Court's docket in Case No. 16-10455.

3

10. A Committee of Unsecured Creditors (the "Committee") was appointed in the Sutton Mezz case on March 23, 2016. Dkt. No. 27. By Amended Appointment dated May 3, 2016, the Committee was expanded to serve in the Chapter 11 cases of Sutton Mezz *and* Sutton Owner DE. Dkt. No. 73.

11. On January 9, 2017, a Joint Chapter 11 Plan of Liquidation (the "Plan") was filed by the Committee of Unsecured Creditors and Sutton 58 Associates LLC (a non-debtor Plan sponsor and Plan funding party), as modified and supplemented. Dkt. No. 358.

12. On January 18, 2017, an Order was entered by the Court confirming the Plan, and the WDO was appointed as representative of the Estates pursuant to § 1123(b)(3)(B) of the Bankruptcy Code. Dkt. No. 364.

13. The Plan became "effective" on January 19, 2017. Dkt. No. 365.

## RELIEF REQUESTED AND BASIS THEREFORE

14. Bankruptcy Code § 363 provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…." 11 U.S.C. § 363(b)(1). The terms of such a sale is generally within the sound discretion of the debtor, or if applicable the trustee. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 145 (2d Cir. 1993); *In re Dial-A-Mattress Operating Corp.*, Case No. 1-09-419660 (dem), 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) ("The business judgment test is the standard for Section 363 sales in this Circuit." (citations omitted)); *In re Hirsch*, 360 B.R. 43, 45–46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a

4

good business reason to grant such an application'"), *quoting In re Lionel Corp.*, 722 F.2d at 1071)); *In re Thomson McKinnon Sec., Inc.*, 120 B.R. 301, 307–08 (Bankr. S.D.N.Y. 1990).

15. As recognized by the United States Court of Appeals for the Second Circuit in *Lionel Corp.*, a court may approve a §363 application after expressly determining from the evidence presented that a good business reason exists to grant such application. 722 F.2d 1063.

16. In addition, § 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case. 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick and Henry J. Sommer. eds., 16th ed.).

17. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public sale. In practice, the preferred method is to conduct a public sale because a public sale will most often result in a greater number of potential bidders in the shortest amount of time.

18. Here, in accordance with the terms of the Plan, the WDO is charged with winding down and liquidating the Post-confirmation Debtors' estates for distribution to creditors, including the "Excluded Assets" under the Plan, which by definition include the Apartments. *See* Plan at ¶1.56. The WDO intends to sell the Apartments subject to the Leases at the Auction Sale.

19. The Apartments are being sold "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such Apartments.

5

20. The proposed Auction Sale will ensure a fair market sale in the most efficient manner, thereby maximizing the benefit to the estates' creditors.

21. Notice of the Auction Sale, substantially in the form Sale Notice attached hereto will be provided in accordance with Bankruptcy Rules 6004(a) and (c), and 2002(a)(2) to all creditors listed in the Debtors' schedules, all parties who have filed a notice of appearance in the Debtors' cases, the Co-op Board, the tenants with respect to each of the Leases, and the Office of the United States Trustee. The Auction Sale will be conducted by Maltz in accordance with the Sale Notice.

22. The WDO will determine the highest or best bid(s) for the Apartments. After the Auction Sale, the WDO shall have the right, but not the obligation, to seek the entry of an Order confirming the results of the Auction Sale. Further, in the event there are no bids for the Apartments or the WDO determines in her business judgment that no bids received make economic sense to pursue for the benefit of the Post-Confirmation Estates' creditors, the WDO reserves the right abandon the Apartments in accordance with the terms of the Plan without further notice or order of the Court.

23. After the Auction Sale, title to the Apartments will be transferred to the successful bidder(s) pursuant to a bill of sale or such other conveyance documentation as may be reasonably necessary, subject to the Leases. Maltz shall collect any applicable sales tax from the buyer, and prepare all reporting forms, certificates, reports and other documentation required in connection with the payment of all applicable sales taxes to the appropriate taxing authorities, and Maltz shall process all of the foregoing. Maltz shall pay the same to the appropriate taxing authorities in accordance with applicable law. Notably, the Confirmation Order provides that the sale of any Excluded Assets, which includes the Apartments are exempt from transfer taxes pursuant to

6

Bankruptcy Code section 1146(a)(1). *See* Confirmation Order, ECF No. 364, at para. 8, pp. 23-24.

24. In accordance with Local Rule 6004-1(f), within 21 days of the Auction Sale, Maltz shall file a report with the Court and transmit a copy of the report to the Office of the United States Trustee.

**The Form and Manner of Sale Notice Should, Respectfully, Be Approved.**

25. Consistent with Bankruptcy Rules 2002(c) and 6004, the WDO shall give 21 days' notice of any proposed sale of property not in the ordinary course of business. The Sale Notice sets forth all the information a potential bidder and any other party in interest should require about the bidding process for the Apartments including: notice of the sale terms; and the time, date, and location of the Auction Sale.

26. The WDO submits that the Sale Notice constitutes good and adequate notice of the Auction Sale. Accordingly, the WDO respectfully requests that the Court approve the form and manner of the Sale Notice, substantially as set forth at Exhibit A hereto.

27. The WDO notes that Maltz intends to publish the notice of the Auction Sale on its website, and that Maltz intends to market the Auction Sale of the Apartments through electronic mail distribution lists, print and regular mail campaigns.

**The Apartments Should Be Sold Free And Clear Of Liens Other than the Leases.**

28. Under Section 363(f) of the Bankruptcy Code, a trustee may sell property under the Bankruptcy Code free and clear of liens, claims and encumbrances, provided that: (i) applicable non-bankruptcy law permits the sale of the property free and clear of such interests; (ii) the entity holding the lien, claim or encumbrance consents to the sale; (iii) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all

liens on the property; (iv) the interest is in bona fide dispute; or (v) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). *See In re Smart World Tech., LLC*, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers to acquire assets without any accompanying liabilities); *In re Dundee Equity Corp.*, No. 89-B-10233, 1992 WL 53743, at *3 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in disjunctive, such that the sale of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

29.     In accordance with Bankruptcy Code § 363(f), the WDO requests that she be authorized to sell the Apartments free and clear of all Liens, but subject to the Leases, with such Liens to attach to the respective sale proceeds in the order and priority as existed as of the Petition Date. On information and belief, there are no Liens encumbering any of the Apartments, other than the Leases.

30.     Depending on the results of the Auction Sale, the WDO reserves the right to determine, in her sole discretion after consultation with Maltz, whether the sale of any or all of the Apartments after the payment of any applicable commissions and expenses associated therewith, actually provides a benefit to the Post-Confirmation Debtors' creditors. In the event the WDO determines, in her sole discretion, that there is no benefit to the Post-Confirmation Estates from the sale of any or all of the Apartments after the payment of any applicable commissions and expenses associated therewith, the WDO reserves the right to abandon any or all of the Apartments in accordance with the terms of the Plan.

31.     Finally, the WDO respectfully requests that the Court waive the 14-day stay period required under Bankruptcy Rule 6004(h), as both necessary and appropriate under the

circumstances of these cases to foster the orderly liquidation of the Post-Confirmation Debtors' estates and distributions to creditors.

32. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the WDO respectfully requests that this Court: (I) authorize the WDO to proceed with an Auction Sale of the Post-Confirmation Debtors' interests in the Apartments to the successful bidder(s) at the Auction Sale free and clear of Liens, other than the Leases; (II) approve the form and manner of the Sale Notice; (III) approve the sale of the Apartments free and clear of Liens, other than the Leases; and (IV) grant the WDO such other and further relief as this Court deems necessary and proper.

Dated:  Uniondale, New York
          August 2, 2017

                       WESTERMAN BALL EDERER
                       MILLER ZUCKER & SHARFSTEIN, LLP

                       By: */s/ Thomas A. Draghi*
                           Thomas A. Draghi, Esq.
                           Richard F. Harrison, Esq.
                           1201 RXR Plaza
                           Uniondale, New York 11556
                           Telephone No. (516) 622-9200
                           Facsimile No. (516) 622-9212
                           tdraghi@westermanllp.com
                           *Counsel to the Wind-Down Officer for*
                           *the Post-Confirmation Debtors*

01627176.DOCX